IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL FIRE INSURANCE CO.,** : | |
| : | |
| Plaintiff, : | |
| : | 5:04-CV-429 |
| v. : | |
| : | |
| **LEE WADDELL, et. al.,** : | |
| : | |
| Defendants. : | |

### *ORDER ON MOTION FOR LEAVE TO INTERVENE*

This action is before the Court on a Motion to Intervene [Doc 31] filed by State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm moved this Court to permit it to intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(b)(2). No responses were filed by the other parties. Having considered the motion and the relevant law, the Court finds that the permissive intervention of State Farm is appropriate in this case and should be allowed. Accordingly, State Farm's Motion to Intervene is **HEREBY GRANTED.**

### BACKGROUND

This case arises out of an automobile accident involving a 2001 Toyota Camry insured by Plaintiff. The owner of the 2001 Camry at the time of the accident is a fact in dispute. Defendant Lee Waddell owned the insurance policy on the 2001 Camry involved in the accident, and Defendant Kathryn Waddell was an insured under the policy. Linda

1

Waddell, the driver of the 2001 Camry, was killed in the accident. Defendant Ella Louis Gilbert, the driver of the other vehicle involved in the accident, was also injured.

Defendant Gilbert has made a demand on Plaintiff for its liability coverage limits under the policy of $100,000.00. Defendant Cotton States Insurance Company ("Cotton States"), as Defendant Gilbert's automobile insurer, has made a subrogation demand upon Plaintiff for sums it claims to have paid for damage done to Defendant Gilbert's car as a result of the action. Plaintiff brings this declaratory judgment action asking the Court to determine whether the automobile insurance policy at issue in this case provides coverage for certain claims which could be asserted as a result of the auto accident therefore obligating Plaintiff to defend any claims and/or pay any sums that may arise from the accident.

In support of Plaintiff's argument that it is not obligated under the policy, Plaintiff claims that Defendant Kathryn Waddell sold the 2001 Camry to Linda Waddell, the decedent, prior to the date of the accident, and therefore Defendant Kathryn Waddell did not own the 2001 Camry at the time of the accident. Plaintiff contends that because the insureds, Defendants Lee and Kathryn Waddell, did not have any ownership or insurable interest in the 2001 Camry at the time of the accident, the insurance policy did not cover the accident; because the insurance policy did not cover the accident, Plaintiff has no duty to defend any claims nor a duty to pay any sums that might arise by Defendants Gilbert, Lunsford and/or Cotton States.

State Farm has moved this Court to allow State Farm to permissively intervene as a defendant in this action under Federal Rule of Civil Procedure 24(b)(2). State Farm states

that around the time of the accident, Linda Waddell, the decedent, owned a 2000 Toyota Camry, not involved in the accident, that was insured under a State Farm insurance policy. State Farm claims that Plaintiff's policy at issue in this case provides primary coverage, and the State Farm policy provides secondary coverage. If Plaintiff prevails in this action, the State Farm policy would become primary. State Farm asserts that Plaintiff is obligated under its policy because Defendant Kathryn Waddell, not Linda Waddell, owned the 2001 Camry at the time of the accident. State Farm contends that it should be allowed to intervene pursuant to Rule 24(b)(2) to assert its interest in this action.

## DISCUSSION

A party seeking to intervene under Rule 24(b) must show that: (1) its application is timely; and (2) its claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(2). In determining whether to permit a party to intervene, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

In considering whether the application to intervene is timely, the Court must consider four factors: (1) length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) degree of prejudice to the existing parties as a result of the proposed intervenor's failure to move to intervene as soon as it knew or reasonably should have known of its interest; (3) extent of prejudice to the proposed intervenor if its position is denied; (4) the presence of unusual circumstances militating either for or against a determination that the application is timely. See Walker v. Jim Dandy Co., 747 F.2d 1360,

1365 (11th Cir. 1984) (citing <u>Stallworth v. Monsanto Co.</u>, 558 F.2d 257, 264-66 (5th Cir. 1977)).  The question of whether an application is timely is largely entrusted to the district court's discretion.  <u>Reeves v. Wilkes</u>, 754 F.2d 965, 968 (11th Cir. 1985) (citations omitted.)

  In the instant case State Farm's application to intervene is timely.  State Farm filed its original motion to intervene only three months after Plaintiff filed its complaint, well before the end of discovery and before any legally significant proceedings in this case.  State Farm's original motion to intervene was denied because State Farm did not make its interest in this action clear[1].  Four months later, State Farm filed the instant motion to intervene. The fact that State Farm filed the instant motion seven months after Plaintiff filed its complaint in this action does not defeat the timeliness requirement.  This motion was filed three months before the end of discovery and before any legally significant proceedings in this case have taken place.  Cf. <u>Diaz v. Southern Drilling Corp.</u>, 427 F.2d 1118, 1125-26 (5th Cir. 1989) (motion to intervene was timely when filed more than a year after the action was commenced, discovery had been completed but no legally significant proceedings had taken place, and the motion would not cause any delay in the process of the overall litigation) <u>cert. denied</u>, 400 U.S. 878 (1970).  Moreover, the parties knew of State Farm's intent to intervene in this action three months after Plaintiff filed its complaint, and no party has filed any objection to State Farm's intervention.  There has been no showing that there is any prejudice on the parties by permitting State Farm to intervene.  In fact, because of State Farm's interest in this case, it seems more prejudicial

---

[1] The Court instructed State Farm that it could renew its motion to intervene by properly filing a brief citing how the requirements of Rule 24(b)(2) are met.  Thereafter, State Farm filed the instant motion.

to State Farm if its motion is denied.  Therefore, State Farm's motion to intervene meets the first requirement for permissive intervention under Rule 24(b)(2).

The second requirement for permissive intervention under Rule 24(b)(2) is that the proposed intervenor must have a claim or defense which shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b)(2).  Rule 24(b)(2) "plainly dispenses with any requirement that the intervenor shall have a direct or pecuniary interest in the subject of the litigation." SEC v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940).  Thus, the claim or defense clause of Rule 24(b)(2) is generally given a liberal construction. See Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977) (citations omitted). Permissive intervention only "requires an interest sufficient to support a legal claim or defense."  Laube v. Campbell, 215 F.R.D. 655, 659 (N.D. Ala. 2003) (citing Diamond v. Charles, 476 U.S. 54, 77 (1986)).  The issue in this case is whether the insurance policy obligates Plaintiff to defend any claims and/or indemnify any losses that may arise from the motor vehicle accident.  As a secondary insurer in this action, State Farm clearly has an interest sufficient to support its claim that Plaintiff is obligated under its insurance policy.

Rule 24(b)(2) also directs the Court, in exercising its discretion, to consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.  The Court finds that intervention will not unduly delay or prejudice the adjudication of the rights of any party to this action.  In fact, State Farm will be better able to defend its interest if allowed to intervene, and the information gathered in State Farm's investigation will help clarify Plaintiff's rights and obligations under the policy.

## CONCLUSION

Thus, the Court finds that State Farm should be allowed to intervene as a party defendant under Rule 24(b)(2). The motion at bar is therefore **GRANTED**.

**SO ORDERED** this 22nd day of September, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/aeg